No. 73–1612.  LUETKEMEYER ET AL. *v.* KAUFMANN ET AL.  Affirmed on appeal from D. C. W. D. Mo.

MR. JUSTICE WHITE, joined by THE CHIEF JUSTICE, dissenting.

Missouri provides bus transportation to school for public school children, but not for private school children, living specified distances from their schools.  Mo. Rev. Stat. §§ 167.231, 167.251, 163.161 (1969).  Appellant Urban Luetkemeyer, a Missouri taxpayer, sends his children, in accordance with his religious conscience, to

a school related to the Roman Catholic Church. He brought this lawsuit claiming that that the denial of bus transportation to parochial school children violates his and his children's due process, equal protection, and free exercise rights. The District Court, Judge Gibson dissenting, ruled in favor of appellees, and this Court now summarily affirms.

In *Everson* v. *Board of Education,* 330 U. S. 1 (1947), the Court upheld a state statute authorizing local school districts to provide bus transportation to school for parochial school children. This case presents the question whether in some circumstances a State may be constitutionally compelled to provide such transportation. This Court has never ruled on this question. Cf. *Norwood* v. *Harrison,* 413 U. S. 455, 462 (1973); *Everson* v. *Board of Education, supra,* at 16.

In *Everson* the Court noted that persons could not be excluded by a State *"because of their faith, or lack of it,* from receiving the benefits of public welfare legislation." *Ibid.* (emphasis in original). The Court found that the New Jersey statute in question "does no more than provide a general program to help parents get their children, regardless of their religion, safely and expeditiously to and from accredited schools." *Id.,* at 18. Clearly this Court viewed the program of bus transportation as a service "so separate and so indisputably marked off from the religious function . . ." that it could not be considered aid to religious schools in violation of the Establishment Clause. *Ibid.* See also *Committee for Public Education & Religious Liberty* v. *Nyquist,* 413 U. S. 756, 781–782 (1973); *Board of Education* v. *Allen,* 392 U. S. 236, 242 (1968).

The District Court in this case rejected appellants' equal protection claim on the ground that the Missouri program, in excluding private school children from the bus service, was in pursuit of a valid state interest in

"maintaining a very high wall between church and state."
364 F. Supp. 376, 383 (WD Mo. 1973). The enforce-
ment of church-state separation could in many instances
be a valid state interest, but after *Everson* it would
be difficult to assert that refusal to extend busing to
parochial school children, without more, furthers a legiti-
mate state interest in avoiding church-state entangle-
ments. On the contrary, the "benefits of public welfare
legislation"—here a "general program to help parents
get their childen . . . safely and expeditiously to and
from accredited schools," *Everson, supra,* at 16, 18—
seem to be denied because certain students are seeking
religious training. Without a valid interest supporting
the different treatment accorded public school and paro-
chial school students, that classification would violate
federal equal protection principles. Moreover, the arbi-
trariness of the denial of a general public service raises
the question whether the State has not become the "ad-
versary" of the religion and has placed burdens on ap-
pellants' free exercise rights.

I would note probable jurisdiction and set this case for
argument.